MAHAFFEY *v.* MAHAFFEY.

Opinion delivered October 17, 1927.

1. WILLS—TESTAMENTARY CAPACITY.—In a contest of a will on the ground that the testator did not possess testamentary capacity, evidence *held* to sustain a finding in favor of the will, notwithstanding testator was more than 80 years old, was very feeble, and at times had delusions.

2. WILLS—ADMISSIBILITY OF EVIDENCE.—In a will contest on the ground of testamentary incapacity, it was not error to admit a letter written for testator by contestant's wife, which indicated the testator's intelligent appreciation of his affairs, where it was shown that testator could not read or write, and that the letter was written for him in response to a letter from contestee.

Appeal from Randolph Circuit Court; *John C. Ashley,* Judge; affirmed.

*John L. Bledsoe, J. W. Meeks,* for appellant.

*Walter L. Pope,* for appellee.

SMITH, J.  This appeal involves the question of the testamentary capacity of J. E. Mahaffey to make a will, and from a verdict and judgment sustaining the will the contestants have appealed, and, for a reversal of the judgment, insist that the undisputed testimony shows the lack of testamentary capacity, and that error was committed in permitting the introduction of a certain letter over the objection of the contestants.  No complaint is made of the instructions under which the case was submitted to the jury.

J. E. Mahaffey, the testator, was married three times, and the contestants here are the children by his first marriage, and the contestee is the only child of his second marriage.  The third wife bore testator no children. Under the terms of the will the testator devised to the children of his first wife one hundred dollars each.  To L. E. Mahaffey, the child by the second wife, there was devised a certain farm, and to the third wife there was devised another farm for life, with the remainder to L. E. Mahaffey.

The testimony shows that the money with which the farm was purchased which was devised to L. E. Mehaffey was derived from the sale of property owned by his mother.

The testator had formerly lived in Ohio, and the first wife's children continued to live in that State, but the testator removed to this State, and resided here at the time of his death.

The testimony on the part of contestants was to the effect that the testator was more than eighty years old, and that his health was poor, and his mentality had declined until he had the mind of a mere child, and entertained the delusion that he was being pursued by persons who were endeavoring to do him personal violence.  There was offered in evidence a letter from contestee, which bore date one day after the date of the will, in which the writer referred to the poor condition of his father's health, and the delusion under which he labored.

On behalf of contestee the testimony was to the effect that the testator was in possession of his mental faculties, except that he was very feeble, and at times had "spells" during which he had delusions. The contestee testified that he was not present when the will was prepared, and did not know its provisions until after his father's death, and that the will was left in the possession of the scrivener who prepared it.

A subscribing witness to the will testified, that he remembered the circumstance of its execution, and that he talked with the testator on that occasion, and during that day, and that he observed nothing wrong with the testator, except that he appeared to be very feeble from his advanced age. Other witnesses testified, that they had noticed nothing about the testator to indicate a lack of mentality, except only the feebleness of old age.

A physician who had known the testator for twenty-one years, and who had prescribed for him on several occasions, testified that Mr. Mahaffey was suffering from cystitis due to old age, and that he had talked with Mr. Mahaffey on many occasions, and regarded him as a rational man, although a feeble one. This witness further testified that Mr. Mahaffey, who lived in the country, always came to see him when in town, either professionally or socially, and that Mr. Mahaffey paid him a social visit on the day the will was executed, and that he did not observe anything wrong with his mind at that time. The will was dated February 28, 1923, and the testator died on October 17, 1925.

Under this testimony we cannot say that the verdict of the jury upholding the will is not supported by sufficient testimony.

On July 26, 1923, the testator was visiting the home of K. W. Mahaffey, one of the contestants, who lived in Ohio. On the date mentioned Jenny Mahaffey, the wife of K. W. Mahaffey, wrote appellee a letter, or rather two letters in one, the first part being signed by K. W. Mahaffey, and the last was signed "Father." This last letter contained questions about the crops and the garden, and gave certain directions about a heifer and two ponies

which the testator owned. This letter indicated an intelligent appreciation of the affairs of the testator at his home. The admission of this letter is assigned as error.

It was testified by L. E. Mahaffey and not denied by K. W. Mahaffey, who also testified as a witness, that their father could not read or write, and that Mrs. K. W. Mahaffey wrote the letters for J. E. Mahaffey when he was in her home, and that Mrs. Mahaffey conducted such correspondence as her husband, K. W. Mahaffey, had. The letter in question was written to L. E. Mahaffey in response to a letter from him, was written by the person who wrote for K. W. MaHaffey, and the latter did not deny any of the statements contained in the letter, nor did he deny his wife's authority to write it. We conclude therefore there was no error in the admission of the letter.

We find no error in the record, and, as the testimony is sufficient to support the verdict, the judgment must be affirmed, and it is so ordered.